IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREGORY E. WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>CAPT. DEVON BLOOD et al.,<br><br>        Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS CERTAIN DEFENDANTS**<br><br>Case No. 2:13-CV-601-RJS<br><br>District Judge Robert J. Shelby |

Plaintiff/inmate, Gregory E. Williams, filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2015), proceeding *in forma pauperis*, *see* 28 *id.* 1915. Defendants Glenn Ercanbrack and Suzi Padgett move for their dismissal from this case.

**DISMISSAL ORDER**

**1. Grounds for Dismissal**

In evaluating the propriety of dismissing claims for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a

'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

### 2. Affirmative Link

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a

claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff does not identify behavior by Defendants Ercanbrack or Padgett that links them with a violation of his constitutional rights. He does nothing more than state their names. Because Plaintiff has done nothing to affirmatively link Defendants Ercanbrack and Padgett to his claims, Plaintiff's claims against these defendants may not survive their motion to dismiss. These defendants are thus dismissed.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendants Ercanbrack and Padgett's Motion to Dismiss is **GRANTED**. (*See* Docket Entry # 23.)

(2) Plaintiff's motions for copies are **DENIED**. (*See* Docket Entry #s 37 & 57.) This request would place an undue burden on the Court's resources without an accompanying sensible reason.

(3) Within twenty days, Defendants Gehre and Winget (Millard County Defendants) shall file with the Court a proposed order--*with analysis and conclusions*--based on their motion for summary judgment. (*See* Docket Entry # 48.) The proposed order shall be prepared in Times New Roman font and otherwise comply with Court rules. Respondent shall file the proposed order in the EM/ECF system using the Notice of Filing event and submit the proposed order in word processing format to: utdecf_prisonerlitigationunit@utd.uscourts.gov .

(4) Plaintiff shall respond to the Proposed Order within twenty days of filing of the proposed order.

(5) Plaintiff's third and fourth motions for appointed counsel, (*see* Docket Entry #s 65 & 68), are **DENIED** for the same reasons stated in a prior order in this case denying appointment of voluntary pro bono counsel, (*see* Docket Entry # 13).  The Clerk of Court shall take note that no further motions for appointed counsel will be accepted by the Court.

DATED this 32ÿ  day of February, 2016.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge