IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREGORY E. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAPT. DEVON BLOOD et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MILLARD COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION**<br><br>Case No. 2:13-CV-601-RJS<br><br>District Judge Robert J. Shelby |

　　　　Plaintiff Gregory E. Williams is a *pro se* plaintiff proceeding in *forma pauperis* and alleging, in part, that Defendants Sgt. Gehre and Lt. Winget (Millard County Defendants) violated his First Amendment and Fourteenth Amendment rights. Specifically, his second cause of action in his Amended Complaint[1] asserts that (1) Millard County Defendants retaliated against him for filing grievances regarding religious-diet accommodations; and that (2) Millard County Defendants violated his right to equal protection. Millard County Defendants move for summary judgment on Plaintiff's second cause of action.[2]  The Motion is opposed.[3]

---

[1] (Docket Entry # 14.)

[2] (Docket Entry # 48.)

[3] (Docket Entry # 58.)

I.    **Undisputed Facts**

1.    As a state prisoner in the Utah Department of Corrections (DOC) Inmate Placement Program (IPP), from April 2, 2010 until May 6, 2010, Plaintiff was held in Millard County Jail (MCJ).[4]

2.    On April 1, 2010, Plaintiff was notified that Utah Department of Corrections (DOC) had approved his religious-diet request.[5]

3.    Plaintiff's religious diet began on April 10, 2010.[6]

4.    On April 24, 2010, Plaintiff filed a grievance about his religious-diet accommodations.[7]

5.    On April 24, 2010, Plaintiff met with Defendant Gehre about his grievance. After the meeting, Defendant Gehre made a note in the Jail Events Summary Report for April 24, 2010: "Williams stated that right now he would be more comfortable going back to the prison where his meals are pre-packaged to be kosher."[8]

6.    On April 26, 2010, Plaintiff met with Defendant Winget. After that meeting, Defendant Winget made a note in the Jail Events Summary Report for April 26, 2010: "I related to Mr. Williams that I would get him to where his needs were able to be met, if he felt that we were not meeting them here."[9]

---

[4] (Gehre Declaration, Docket Entry # 43-1, ¶ 3.)

[5] (*Id*.)

[6] (*Id.*)

[7] (*Id* ¶ 5.)

[8] (Jail Events Summary Report for April 24, 2010, Docket Entry # 43-8.)

[9] (Jail Events Summary Report for April 26, 2010, Docket Entry # 43-8.)

7.     On April 26, 2010, the possibility of transferring Plaintiff out of MCJ was discussed with IPP Coordinator Kelly Swallow (another defendant in this case).[10]

8.     On May 6, 2010, IPP directed that Plaintiff be moved from MCJ.[11]

9.     The Court's thorough review of the *Martinez* report and all its documents, together with Plaintiff's Amended Complaint and response to Millard County Defendants' summary-judgment motion reveals not one instance in which Millard County Defendants cast Plaintiff in a poor light or referred to his grievances as troublesome or hinted that the transfer was a disciplinary action.

## II.     Summary-Judgment Standard

This Court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12]  A party may support factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."[13]  The purpose of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses."[14]

The movant bears the initial burden "to demonstrate an absence of evidence to support an essential element of the non-movant's case."[15]  If the movant meets this burden, "the burden then

---

[10] (Gehre Declaration, Docket Entry # 43-1, ¶ 9.)

[11] (*Id.*)

[12] Fed. R. Civ. P. 56(a).

[13] *Id.* at 56(c)(1).

[14] *Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

[15] *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998).

shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element."[16] In meeting this burden, the non-movant must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant."[17] In ruling on a summary-judgment motion, this Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."[18]

### III. The First Amendment Retaliation Claim is Dismissed with Prejudice.

#### A. No Genuine Dispute of Material Fact Exists.

This Court notified Plaintiff that, in response to a summary-judgment motion, "Plaintiff cannot rest upon the mere allegations in the complaint. Instead . . . Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial."[19] Plaintiff did not respond to Millard County Defendants' *Martinez* report, nor did he identify *material* facts that are in dispute.

#### B. The Undisputed Facts Support Dismissal of the First Amendment Claim.

A Plaintiff bringing retaliation claims "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place."[20] A plaintiff must also "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."[21] Plaintiffs asserting retaliation also have the option of using

---

[16] *Id.*

[17] *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998).

[18] *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

[19] (Docket Entry # 15, at 3.)

[20] *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotations omitted).

[21] *Id.* (quoting *Frazier*, 922 F.2d at 562 n.1) (emphasis in original).

circumstantial evidence to show a reasonable jury would find the allegations of retaliation were supported, rather than direct evidence of retaliatory motive.[22] In response, defendants may raise "a legitimate and facially plausible explanation for the transfer."[23]

Plaintiff has provided no direct or circumstantial evidence to show that Millard County Defendants initiated the discussion that led to his transfer to retaliate for his expressed concerns about his religious diet. At most, Plaintiff's Amended Complaint implicitly points only to the proximity in time between his grievances about religious meals and the transfer. However, mere temporal proximity of constitutionally protected speech and alleged retaliation is insufficient to meet this requirement.[24] And Defendants do not even contest that Plaintiff's grievances were unrelated to the transfer. Instead, they acknowledge that the grievances specifically caused them to explore the possibility of transfer.

Indeed, Millard County Defendants raise a legitimate and plausible reason for initiating Plaintiff's transfer--i.e., that Plaintiff himself expressed that he wanted a transfer. Moreover, even if Plaintiff did not request the transfer--which is what he asserts and is the only dispute of fact--Millard County Defendants have another (stand-alone) legitimate and plausible reason for initiating the transfer--i.e., that they saw UDOC as better capable of meeting Plaintiff's dietary restrictions elsewhere.

---

[22] *See Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990) (stating circumstantial evidence included suspicious timing of discipline, coincidental transfers of plaintiff's witnesses and assistants, and pattern of blocking access to legal materials and help).

[23] *See Strope v. Cummings*, 381 Fed. Appx. 878, 883 (10th Cir. 2010) (unpublished) (noting defendants explained transfer of inmate to other unit allowed him to resume visits "with a particular counselor with whom he had a good relationship").

[24] *See Wright v. McCotter*, No. 98-4095, 1999 U.S. App. LEXIS 11576, at *4 (10th Cir. Feb. 19, 1999) (unpublished).

The Court identifies three other interesting and supportive points. First, Plaintiff has no right to be in any particular facility.[25]

Second, he has suggested no prejudice; in other words, he does not intimate that MCJ was a better fit for him than any other facility. He has not identified what it is about any other facility, to which he may have been moved, that might function as a punishment or detriment leading to an inference of retaliation.[26]

And, third, Millard County Defendants are not even the ones who decided on and effected the transfer. That was done by UDOC. All Millard County Defendants did was discuss with the IPP coordinator the possibility of IPP arranging to transfer Plaintiff. For purposes of this Order only, which regards solely Millard County Defendants, the Court supposes that UDOC personnel could have made the transfer for myriad other reasons, aside from or including Plaintiff's religious-diet requests. This summary-judgment motion does not address any other defendants' motives for their decision-making or actions. And their motives are immaterial here.

Accordingly, this Court concludes that Plaintiff has not shown facts that but-for a retaliatory motive, by Millard County Defendants, he would not have been transferred. Millard County Defendants have stated a legitimate, facially plausible reason for the transfer, a reason that Plaintiff has not challenged. Plaintiff's First Amendment retaliation claim against Defendants fails as a matter of law and is dismissed with prejudice.

---

[25] *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("The Constitution . . . does [not] guarantee that a convicted prisoner will be placed in any particular prison . . . . The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in Any Of [sic] its prisons.") (alterations in original).

[26] *Cf. Harris v.Chabries*, 114 Fed. Appx. 363, 365 (10th Cir. 2004) (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (holding "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" would trigger constitutional protection)).

IV. **The Fourteenth Amendment Equal Protection Claim is Dismissed with Prejudice.**

A valid equal-protection claim requires that the plaintiff was treated differently from others who were similarly situated to him.[27] Plaintiff has made no factual assertions to support his conclusory allegations of equal-protection violations, nor has he responded to Millard County Defendants' Motion for Summary Judgment on this claim.[28] Plaintiff's Fourteenth Amendment equal-protection claim is therefore also dismissed with prejudice.

## CONCLUSION

The undisputed facts show that Millard County Defendants are entitled to summary judgment as a matter of law on Plaintiff's second cause of action, which regards retaliation.

Accordingly, **IT IS ORDERED** that:

(1) Millard County Defendants' Motion for Summary Judgment on Plaintiff's Second Cause of Action is **GRANTED**.[29]

(2) Plaintiff's claims against Millard County Defendants (Gehre and Winget) are **DISMISSED** with prejudice. They are no longer defendants in this case.

(3) Plaintiff's summary-judgment motion is **DENIED**.[30]

DATED this 29th day of March, 2016.

BY THE COURT

ROBERT J. SHELBY
United States District Judge

---

[27] *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011).

[28] *See* DUCivR 56-1(g).

[29] (*See* Docket Entry # 48.)

[30] *See* Docket Entry # 58.)