IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREGORY E. WILLIAMS,<br><br>               Plaintiff,<br><br>v.<br><br>CAPT. DEVON BLOOD et al.,<br><br>               Defendants. | **MEMORANDUM DECISION & ORDER<br>DENYING UTAH DEPARTMENT OF<br>CORRECTIONS DEFENDANTS'<br>SUMMARY-JUDGMENT MOTION**<br><br>Case No. 2:13-CV-601-RJS<br><br>District Judge Robert J. Shelby |

Pro se plaintiff/inmate, Gregory E. Williams, proceeds *in forma pauperis*, alleging that Defendants violated his federal constitutional rights. Prior orders by the Court have dismissed Defendants Gehre, Wingett, Ercanbrack and Padgett. Remaining defendants are Utah Department of Corrections employees Blood, Nelson, Burr, Swallow and Chipp.

Specifically, Plaintiff's Amended Complaint[1] asserts that (1) Defendants Blood, Nelson, and Burr breached his right to free exercise of religion by ending certain Islamic meetings at Central Utah Correctional Facility (CUCF); and (2) Defendants Swallow and Chipp retaliated against him for filing grievances about religious-diet accommodations at Millard County Jail by arranging for him to be transferred back to state prison.

Defendants move for summary judgment, asserting Plaintiff did not properly grieve his claims in the prison administrative process.[2] Though Plaintiff filed grievances at all three

---

[1] (Docket Entry # 14.)

[2] (Docket Entry # 64.)

required levels, Defendants contend that, because Plaintiff did not identify each defendant by

name in his grievances, his attempt to fully grieve failed.  Plaintiff opposes the motion.[3]

## SUMMARY-JUDGMENT ANALYSIS

### A.      Undisputed Facts

1.      Plaintiff did not identify Defendants by name in the grievances he filed in the

prison administrative process.

2.      Plaintiff pursued grievances--on the claims brought in this amended complaint--

through all three levels allowed in the prison administrative process.

3.      The UDOC grievance policy states:  "The inmate as the moving party, has the

burden to articulate all relevant facts and information in the grievance, even if inadequately or

unartfully drafted.  However, the grievance should not be sent back to the inmate, unless it is not

possible to process the grievance without additional information."  FDr02/02.08A4.

4.      The UDOC grievance policy further states:  "[I]nmates have the burden of

providing all known facts and information regarding a complaint . . . ."  FDr02/03.01B.

5.      The top of the UDOC "Inmate Grievance Form" (GF-1) states:

 "SECTION 1 – INFORMAL ACTION (To be completed by inmate.)

Specific nature of grievance (who, what, when, where and how):"  This is followed by six lines

to be filled in by the inmate.

### B.      Summary-Judgment Standard

This Court shall grant summary judgment when "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."[4]  A party may support factual assertions by "citing to particular parts of materials in the

---

[3] (Docket Entry # 66.)
[4] Fed. R. Civ. P. 56(a).

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."[5]   The purpose of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses."[6]

The movant has the initial burden of showing "an absence of evidence to support an essential element of the non-movant's case."[7]   If the movant meets this burden, "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element."[8]   In meeting this burden, the non-movant must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant."[9]   In ruling on a summary-judgment motion, this Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."[10]

### C.   Undisputed Facts Meet the Law

The Prisoner Litigation Reform Act (PLRA) states:   "No action shall be brought with respect to prison conditions under section . . . 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[11]   Unquestionably, "exhaustion is mandatory under the PLRA and .

---

[5] *Id.* at 56(c)(1).

[6] *Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998).

[8] *Id.*

[9] *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998).

[10] *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

[11] 42 U.S.C.S. § 1997e(a) (2016).

. . unexhausted claims cannot be brought in court."[12]  Defendants have the burden to show that Plaintiff has not exhausted his administrative remedies in the prison grievance system.[13]

According to the Supreme Court, "[e]xhaustion of administrative remedies serves two main purposes."[14]  One "is to protect agency authority, both by giving the agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and by discouraging disregard of agency procedures."[15]  The other "purpose is to promote efficiency by permitting claims, where possible, to be settled at an administrative level; and, even where this is not possible, to develop 'a useful record for subsequent judicial consideration.'"[16]

Though "[t]he level of detail necessary in a grievance to comply with the grievance procedure will vary from system to system and claim to claim . . . . it is the prison's requirements . . . that define the boundaries of proper exhaustion."[17]  Thus, when "the prison's grievance procedures in *Jones v. Bock* made 'no mention of naming particular officials,' the Supreme Court held that 'the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.'"[18]

---

[12] *Jones v. Bock*, 549 U.S. 199, 211 (2007).

[13] *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

[14] *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

[15] *Jennings v. Dowling*, 642 Fed. Appx. 908, 912 (10th Cir. 2016) (unpublished) (quoting *Woodford*, 548 U.S. at 89 (internal quotation marks omitted)).

[16] *Id*. (quoting *Woodford*, 548 U.S. at 89).

[17] *Jones*, 549 U.S. at 218.

[18] *Martinez v. Guadalupe County*, No. CIV 14-0992 JB/KK, 2016 U.S. Dist. LEXIS 114229, at *100-01 (D.N.M. July 29, 2016) (quoting *Jones*, 549 U.S. at 218).

When the UDOC grievance policy states that "the inmate [must] articulate all relevant facts and information in the grievance" and has "the burden of providing all known facts," Defendants assert that language to imply that Plaintiff must have stated each defendant by name in his grievances; after all, they argue, the specific name of each defendant is a "relevant fact[]." And, Defendants see it as dispositive that the top of the UDOC "Inmate Grievance Form" invites prisoners to set forth the "specific nature of the grievance (who, what, when, where and how)."

First, the grievance policy itself does not explicitly demand that an inmate state the name of the prison employee(s) involved in the grieved incident.  UDOC could easily make it an essential element of a grievance.[19]  The Supreme Court has put UDOC squarely in the driver's seat, controlling its own destiny in lawsuits of this type.  If the grievance policy was changed to require names in grievances, then prisoners simply could not complete grievance processes without them.  UDOC would then need not argue that a name is implicitly a relevant fact, or that the fact that its form contains a space for "who, what, when, where and how" transforms the specification of a defendant's name into a requirement.  There is simply no need for an inmate to have to guess whether her failure to supply a name will be fatal to her grievance.

Further, the language of the grievance process at issue may easily be interpreted by a prisoner not to require a name because it says that "even if inadequately or unartfully drafted . . . [a] grievance should not be sent back to the inmate, unless it is not possible to process the grievance without additional information."  This point is supported by the very facts of this case: The Court has reviewed the grievances and grievance responses included as exhibits here and cannot detect any problem that UDOC may have had in processing the grievances due to lack of

---

[19] For example, an Oklahoma prison policy states, "This [grievance] statement must be specific as to the complaint, dates, places, *personnel involved* and how the offender was affected." *Jennings*, 642 Fed. Appx. at 912) (emphasis added).

names.  Nor have defendants even made the argument that the grievances were impossible to process because the defendants' names were not included.

Finally, Defendants have not contended that the two main purposes (stated above) of requiring exhaustion were violated by Plaintiff's failure to include defendant names in his grievances.  Plaintiff appears to have followed UDOC policy in exhausting to level three his grievances regarding his claims here; UDOC appears to have had a chance to address any of its alleged mistakes before being haled into federal court; and a useful record of the events at issue appears to have been developed for use in this Court.

Accordingly, this Court concludes that Defendants have not--on the undisputed facts-- shown that Plaintiff's failure to include Defendants' names in his grievances resulted in lack of exhaustion and consequent ineligibility of his claims in this suit.  The Court thus denies Defendants' summary-judgment motion.

## NEXT STEPS TO RESOLUTION OF THIS CASE

The Court now orders Defendants to file a Martinez report[20] and summary-judgment motion addressing the merits of the amended complaint.

---

[20] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports.  The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims.  This, of course, will allow the court to dig beneath the conclusional allegations.  These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(A) To pierce the complaint's allegations, Defendants must,

> (i) within 90 days, prepare and file a *Martinez* report addressing the substance of the complaint; and,

> (ii) within 120 days, file a separate summary-judgment motion, with a supporting memorandum.

(B) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing their answer.

The parties shall take note that local rules governing civil cases are in effect.  The Local Rules are posted on the Court's website.  This Court will order the parties to refile summary-judgment motions which do not follow the standards.  *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

 Plaintiff is notified that (s)he may, within 30 days of its filing, respond to a *Martinez* report if desired.  Plaintiff is further notified that (s)he must, within 30 days of its filing, respond to the summary-judgment motion.  Plaintiff is finally notified that, when Defendants move for summary judgment, Plaintiff cannot rest upon the mere allegations in the complaint.  Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## CONCLUSION

The undisputed facts here show that Defendants are not entitled to summary judgment as a matter of law.

Accordingly, **IT IS ORDERED** that:

(1)  Defendants' Motion for Summary Judgment is **DENIED**.[21]

(2)  Defendant's Motion to Strike Correspondence from Gregory Williams is **GRANTED**.[22]

(3)  Plaintiff's Motions for Summary Judgment and Criminal Charges and for an evidentiary hearing on Defendants' alleged perjury are **DENIED**.[23]  The Court concludes that Defendants neither defrauded the Court nor perjured themselves with a mistaken copy of the policy on religious meetings.

(4)  Defendants must within 90 days file a *Martinez* report addressing the merits of Plaintiff's claims.

(5)  When served with a *Martinez* report, Plaintiff may submit a response within 30 days of the report's filing date.

(6)  Defendants must within 120 days file a summary-judgment motion.

(7)  When served with a summary-judgment motion, Plaintiff must submit a response within 30 days of the motion's filing date.

---

[21] (*See* Docket Entry # 64.)

[22] (*See* Docket Entry # 84.)

[23] (*See* Docket Entry #s 98 & 102.)

(8) If requesting relief otherwise contemplated under the procedural rules, Defendants

must do so within 90 days.

DATED this 27th day of September, 2016.

BY THE COURT

ROBERT J. SHELBY
United States District Judge