IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREGORY E. WILLIAMS,<br><br>      Plaintiff,<br><br>v.<br><br>CAPT. DEVON BLOOD et al.,<br><br>      Defendants. | **MEMORANDUM DECISION & ORDER GRANTING--IN PART--STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:13-CV-601-RJS<br><br>District Judge Robert J. Shelby |

   Plaintiff, Gregory E. Williams, is a *pro se* plaintiff proceeding *in forma pauperis* and alleging in an amended complaint[1] that remaining Defendants Blood, Nelson, Burr, Swallow and Chipp violated his federal rights.[2] Specifically, he asserts that Defendants Blood, Nelson, and Burr violated (1) his free exercise of religion under the First Amendment; (2) the Religious Land Use and Institutionalized Persons Act (RLUIPA)[3]; and the Equal Protection Clause. And he asserts that Defendants Swallow and Chipp unconstitutionally retaliated against him for seeking to freely exercise his religion.

   Defendants move for summary judgment on these claims.[4] The motion is opposed.[5] The Court grants summary judgment as to Defendants Swallow and Chipp.

---

[1] (Docket Entry # 14.)

[2] Earlier orders have granted dismissal of other defendants. (*See* Docket Entry #s 74 & 79.)

[3] 42 U.S.C.S.§§ 2000cc-1 - 2000cc-5 (2017).

[4] (Docket Entry # 121.)

[5] (Docket Entry # 128.)

## UNDISPUTED FACTS

(1) As a state prisoner in the Utah Department of Corrections (DOC) Inmate Placement Program (IPP), from April 2, 2010 until May 6, 2010, Plaintiff was held in Millard County Jail (MCJ).[6]

(2) Plaintiff filed a grievance about his religious-diet accommodations.[7]

(3) Plaintiff met with [dismissed] Defendant Gehre about his grievance. After the meeting, Defendant Gehre made a note in the Jail Events Summary Report (JESR): "Williams stated that right now he would be more comfortable going back to prison where his meals are pre-packaged to be kosher."[8]

(4) Two days later, Plaintiff met with [dismissed] Defendant Winget. After that meeting, Defendant Winget made a note in the JESR: "I related to Mr. Williams that I would get him to where his needs were able to be met, if he felt that we were not meeting them here."[9]

(5) On April 26, 2010, the possibility of transferring Plaintiff out of MCJ was discussed with IPP Coordinator Defendant Swallow and perhaps by e-mail with Defendant Chipp.[10] On May 6, 2010, Plaintiff was moved from MCJ.[11]

## SUMMARY-JUDGMENT STANDARD

This Court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] A party may support factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

---

[6] (Gehre Decl., Docket Entry # 43-1, at ¶ 9.)

[7] (*Id.*)

[8] (JESR for April 24, 2010, Docket Entry # 43-8.)

[9] (*Id.* for April 26, 2010)

[10] Amended Compl. at 9.)

[11] (Gehre Decl., Docket Entry # 43-1, at ¶ 3.)

[12] Fed. R. Civ. P. 56(a)

interrogatory answers, or other materials."[13] The purpose of the summary-judgment rule "is to isolate and dispose of factually unsupported claims or defenses."[14]

The movant bears the initial burden "to demonstrate an absence of evidence to support an essential element of the non-movant's case."[15] If the movant meets this burden, "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element."[16] In meeting this burden, the non-movant must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant."[17] In ruling on a summary-judgment motion, this Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."[18]

## RETALIATION CLAIM

### • No Genuine Dispute of Material Facts

This Court notified Plaintiff that, in response to a summary-judgment motion, "Plaintiff cannot rest upon the mere allegations in the complaint. Instead . . . Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial."[19] In Plaintiff's response, he did not identify *material* facts that are in dispute.

---

[13] *Id*. at 56(c)(1).

[14] *Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

[15] *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998).

[16] *Id*.

[17] *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

[18] *Kaul v. Stephan,* 83 F.3d 1208, 1212 (10th Cir. 1996) (citations omitted).

[19] (Docket Entry # 15 at 3.)

### • Undisputed Facts Support Dismissal of Retaliation Claim

A plaintiff bringing a retaliation claim "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place."[20] A plaintiff must also "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."[21] Plaintiffs asserting retaliation also have the option of using circumstantial evidence to show a reasonable jury would find the allegations of retaliation were supported, rather than direct evidence of retaliatory motive.[22] In response, defendants may raise "a legitimate and facially plausible explanation for the transfer."[23]

Plaintiff has provided no direct or circumstantial evidence to show that Defendants Swallow and Chipp initiated the discussion that led to his transfer to retaliate for his expressed concerns about his religious diet. At most, Plaintiff's Amended Complaint implicitly points only to the close time proximity between his grievances about religious meals and the transfer. However, mere temporal proximity of constitutionally protected speech and alleged retaliation is insufficient to meet this requirement.[24]

The evidence here shows a legitimate and plausible reason for jail and prison officials to initiate Plaintiff's transfer--i.e., that Plaintiff himself expressed that he wanted a transfer.

---

[20] *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted).

[21] *Id.* (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (emphasis in original).

[22] *See Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990) (stating circumstantial evidence included suspicious timing of discipline, coincidental transfers of plaintiff's witnesses and assistants, and pattern of blocking access to legal materials and help).

[23] *See Strope v. Cummings*, 381 Fed. Appx. 878, 883 (10th Cir. 2010) (unpublished) (noting defendants explained transfer of inmate to other unit allowed him to resume visits "with a particular counselor with whom he had a good relationship.").

[24] *See Wright v. McCotter*, No. 98-4095, 1999 U.S. App. LEXIS 11576, at *4 (10th Cir. Feb. 19, 1999) (unpublished).

Moreover, even if Plaintiff did not request the transfer--which is what he asserts and is the only dispute of fact--Defendants Swallow and Chipp have another (stand-alone) legitimate and plausible reason for initiating the transfer--i.e., that they saw UDOC as better capable of meeting Plaintiff's dietary restrictions elsewhere.

The Court now identifies a couple of other interesting and supportive points. First, Plaintiff has no right to be in any particular facility.[25] Second, he has suggested no prejudice; in other words, he does not specify how MCJ was a better fit for him than any other facility. He has not identified what it is about any other facility, to which he may have been moved, that might function as a true punishment or detriment leading to an inference of retaliation.[26]

Accordingly, this Court concludes that Plaintiff has not shown facts that but-for a retaliatory motive, by Defendants Swallow and Chipp, he would not have been transferred. Defendants have stated a legitimate, facially plausible reason for the transfer, a reason that Plaintiff has not challenged. Plaintiff's First Amendment retaliation claim against Defendants Swallow and Chipp fails as a matter of law and is dismissed with prejudice.

## REMAINING ISSUES AND DEFENDANTS

The remaining issues regard CUCF's discontinuation of Islamic congregational meetings during a time when UDOC policy dictated that the meetings must be led by an affiliated, approved volunteer from outside the prison. Regarding that situation, Plaintiff states claims that his free exercise, RLUIPA, and equal protection rights were breached by the only remaining

---

[25] *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("The Constitution . . . does [not] guarantee that a convicted prisoner will be placed in any particular prison . . . . The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in Any Of [sic] its prisons.") (alterations in original).

[26] *Cf. Harris v. Chabries*, 114 Fed. Appx. 363, 365 (10th Cir. 2004 (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (holding "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" would trigger constitutional protection)).

three defendants--Devon Blood, Shane Nelson, and Craig Burr. These issues have some complexity that appears to elude Plaintiff's capacity to fully express and argue them from prison. The Court therefore tables them for now and revisits its denials of Plaintiff's past motions for appointed counsel.

## APPOINTMENT OF PRO BONO COUNSEL

Plaintiff has no constitutional right to counsel.[27] However, the Court may in its discretion appoint counsel for indigent inmates.[28] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[29]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[30] Considering the above factors, the Court concludes here that, at this time, Plaintiff's remaining claims may be colorable, the issues in this case are possibly complex, and Plaintiff is unable to adequately function in pursuing this matter.

In light of these factors, the Court reconsiders Plaintiff's Motions for Appointed Counsel. The Court vacates its prior denial of Plaintiff's motions for appointed counsel and now grants them. Plaintiff will be notified once counsel enters an appearance on his behalf.

---

[27] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[28] *See* 28 U.S.C.S. § 1915(e)(1) (2017); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[29] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[30] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39

**ORDER**

**IT IS HEREBY ORDERED:**

(1)      Summary judgment is **GRANTED** as to Defendants Swallow and Chipp, who are **DISMISSED** from this case with prejudice.[31]

(2)      The summary-judgment motion remains **PENDING** as to Defendants Blood, Nelson, and Burr.[32]

(3)      The Court's prior Orders denying Plaintiff's motion for appointed counsel are **VACATED**, (*see* Docket Entry #s 13 & 74), and the motions are now **GRANTED**, (*see* Docket Entry #s 6, 65 & 68).

(4)      The Clerk of Court must secure *pro bono* counsel to represent Plaintiff at this time in a limited capacity.

(5)      Counsel shall enter an appearance within fourteen days of appointment.

(6)      The scope of this *pro bono* appointment is limited to assisting Plaintiff in (a) drafting an amended response to the summary-judgment motion as to Defendants Blood, Nelson, and Burr only[33]; and (b) obtaining any discovery necessary to determine the content of an amended response.

(7)      The scope of the limited appearance does not extend beyond these specific tasks.

(8)      When the purpose of this appointment has been completed, counsel is directed to file a Notice of Fulfillment of Limited Appointment.

(9)      Within ninety days of entering appearance of counsel, Plaintiff's counsel shall file an amended response to the summary-judgment motion still pending as to Defendants Blood, Nelson, and Burr only.

(10)      Plaintiff must not file any more pleadings in this case before consulting his attorney.

---

[31] (Docket Entry # 121.)

[32] (*Id.*)

[33] (*Id.*)

(11)     Effective now, any documents submitted directly to the Court by Plaintiff will
         be returned to him.
(12)     Plaintiff's motion to compel discovery is **DENIED**, pending review and
         possible resubmission after Plaintiff's counsel evaluates the case.[34]

         DATED this 27th day of September, 2017.

                        BY THE COURT:


                        _____
                        ROBERT J. SHELBY
                        United States District Judge

---

[34] (Docket Entry # 133.)