IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| GREGORY E. WILLIAMS,<br><br>                                Plaintiff,<br><br>v.<br><br>CAPT. DEVIN BLOOD et al.,<br><br>                                Defendants. | **MEMORANDUM DECISION & DISMISSAL ORDER**<br><br>Case No. 2:13-CV-601-RJS<br><br>Chief District Judge Robert J. Shelby |
|---|---|

## BACKGROUND

- June 28, 2013      Complaint filed. (Doc. No. 4.)

- April 17, 2014      Amended Complaint filed. (Doc. No. 14.)

- March 27, 2015      Order entered requiring service of Amended Complaint. (Doc. No. 15.)

- April 16, 2015      Summonses first returned executed. (Doc. No. 19.)

- April 28, 2015      Answers first filed, and Motion to Dismiss filed by Defendants Ercanbrack and Padgett. (Doc. Nos. 23 & 25.)

- June 1, 2015      Notice of change of address by Plaintiff. (Doc. No. 40.)

- July 7, 2015      *Martinez* report[1] filed by Millard County Defendants. (Doc. No. 43.)

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).
    In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
        Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to

- August 6, 2015     Summary-judgment motion filed by Millard County Defendants. (Doc. No. 48.)

- September 17, 2015     *Martinez* report filed by Utah State Defendants. (Doc. No. 50.)

- October 13, 2015     Summary-judgment motion filed by Plaintiff. (Doc. No. 58.)

- October 19, 2015     Amended *Martinez* report and summary-judgment motion filed by Utah State Defendants. (Doc. Nos. 63-64.)

- February 11, 2016     Order granting Defendants Ercanbrack and Padgett's Motion to Dismiss. (Doc. No. 74.)

- March 29, 2016     Order dismissing Millard County Defendants and denying Plaintiff's first summary-judgment motion. (Doc. No. 79.)

- April 1, 2016     Second summary-judgment motion filed by Plaintiff. (Doc. No. 81.)

- May 23, 2016     Notice of change of address by Plaintiff. (Doc. No. 90.)

- June 20, 2016     Notice of change of address by Plaintiff. (Doc. No. 96.)

- June 22, 2016     Third summary-judgment motion filed by Plaintiff. (Doc. No. 98.)

- September 27, 2016     Order denying Utah State Defendants' and Plaintiff's summary-judgment motions and requiring further *Martinez* report. (Doc. No. 110.)

- December 22, 2016     *Martinez* report filed by Utah State Defendants. (Doc. No. 111.)

- January 25, 2017     Summary-judgment motion filed by Utah State Defendants. (Doc. No. 121.)

- March 10, 2017     Order to Show Cause, requiring Plaintiff to state "why his case should not be dismissed for failure to prosecute and failure to file a response" to Defendants' summary-judgment motion. (Doc. No. 125.)

- March 27, 2017     Filing of Plaintiff's response to Defendants' summary-judgment motion. (Doc. No. 128.)

- August 9, 2017     Notice of change of address by Plaintiff. (Doc. No. 139.)

---

determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

- September 27, 2017   Order granting summary judgment as to Defendants Swallow and Chip, and appointing counsel for Plaintiff to do discovery and draft "an amended response to the summary-judgment motion as to Defendants Blood, Nelson, and Burr only." (Doc. No. 142.)

- November 8, 2017   Notice of appearance of *pro bono* counsel for Plaintiff. (Doc. Nos. 143-45.)

- December 12, 2017   Notice of change of address by Plaintiff. (Doc. No. 146.)

- May 9, 2019   Order granting stipulated motion to withdraw Defendants' summary-judgment motion. (Doc. No. 164.)

- August 21, 2019   Summary-judgment motion filed by remaining Utah State Defendants. (Doc. No. 169.)

- October 18, 2019   Motion for withdrawal of counsel filed by Plaintiff's appointed counsel. (Doc. No. 174.) Motion asserted counsel "lost contact with" Plaintiff after he was "no longer incarcerated in Utah." (*Id*. at 2.) Counsel unsuccessfully searched for Plaintiff by mail and phone. (*Id*.)

- November 4, 2019   Order granting withdrawal of Plaintiff's counsel and requiring Plaintiff or possible new counsel to file appearance within twenty-one days. (Doc. No. 175.)

Neither the Court nor Plaintiff's past appointed counsel has heard from Plaintiff "over the past few months." (Doc. No. 174, at 2.)

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). The Court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (stating, though Rule 41(b) requires defendant file motion to dismiss, Rule has long been construed to let courts dismiss actions *sua sponte* when plaintiff fails to prosecute or comply with orders); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the

3

inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" when prolonged and unexcused delay by plaintiff).

Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents at Araphoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). But, a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired on the dismissed claims. *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). Considering the amended complaint was filed more than four years ago, (Doc. No. 14), the Court assumes the statute of limitations has expired on Plaintiff's claims if he were to refile them after dismissal. *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) ("Utah's four-year residual statute of limitations . . . governs suits brought under section 1983.").

When the dismissal is effectively with prejudice, this Court applies the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)--namely, "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted). Dismissal with prejudice is proper only when these factors outweigh the judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir.

2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

The Court now considers the factors as follows:

<u>Factor 1: Degree of actual prejudice to Defendant</u>. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing this case's docket, the Court concludes that Plaintiff's neglect greatly prejudices Defendants. Starting more than four years ago--on April 16, 2015--when summonses were first executed, Defendants have defended this lawsuit in good faith. They have closely adhered to the Court's order, (Doc. No. 15), to submit answers and motion to dismiss, (Doc. Nos. 23, 25, 31-35), *Martinez* reports, (Doc. No. 43, 50, 51, 63, & 111), and summary-judgment motions, (Doc. No. 48, 64, 121, & 169). The *Martinez* reports and summary-judgment motions

5

thoroughly recite the facts and law, analyze the issues, and provide over forty relevant exhibits with evidentiary support. This all took considerable time and resources from Defendants--and all for naught as Plaintiff ultimately has been unresponsive. Defendants have wasted over four-and-a-half years of litigation since they were first served. To let the case proceed when Plaintiff has not met his duties might require Defendants to spend more unnecessary time and money to defend a case that Plaintiff seems to have limited interest in pursuing. This factor weighs toward dismissal. *See Kalkhorst v. Medtronic, Inc.*, No. 18-cv-580-KLM, 2018 U.S. Dist. LEXIS 215598, at *8 (D. Colo. Dec. 19, 2018); *see also Tolefree v. Amerigroup Kan., Inc.*, No. 18-2032-CM-TJJ, 2018 U.S. Dist. LEXIS 195448, at *5 (D. Kan. Nov. 15, 2018) ("Defendants have had plaintiff's allegations pending in an open court case for nearly ten months, with no end in sight. Plaintiff, on the other hand, has shown little interest in pursuing her claims or following court orders.").

Factor 2: Amount of interference with judicial process. In *Jones*, the Tenth Circuit concluded that Plaintiff had significantly interfered with the judicial process when he failed to answer a show-cause order or join a telephone conference. *Jones*, 996 F.2d at 265. Though Jones later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *Id*. The court said, "In similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id*. (citation omitted).

Meanwhile, in *Villecco*, the Tenth Circuit determined that plaintiff greatly interfered "with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." *Villeco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (unpublished) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) (unpublished) ("Plaintiff's willful failure to comply with the orders of the district court flouted the court's authority and interfered with the judicial process." (Internal quotation marks and citation omitted.)). "[F]ailure to respond to court orders cannot be ignored." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).

    Likewise here, Plaintiff's failure to prosecute this case, and specifically failure to comply with three orders requiring him to timely file a response to Defendants' summary-judgment motion, (Doc. Nos. 15, 110, & 142), necessarily interferes with effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to comply with court orders

disrespects the Court and the judicial process. Plaintiff's neglect has caused the Court and staff--together with precious *pro bono* appointed counsel--to spend unnecessary time and effort.

For over six years, the Court has frequently reviewed the docket and prepared orders to move this case along, which has substantially increased the workload of the Court and taken its attention away from other matters in which parties have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, at *7 (D. Kan. Oct. 4, 2006).

This factor weighs toward dismissal. *See Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *8-9; *see also Estate of Strong v. City of Northglen*, No. 1:17-cv-1276-WJM-SKC, 2018 U.S. Dist. LEXIS 211095, at *10 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process." (Emphasis in original.)).

Factor 3: Litigant's culpability. Proof of culpability may be drawn from Plaintiff's failure to be in touch with the Court for long stretches and to substantively respond to the Court's orders to respond to Defendants' summary-judgment motion. *See Villecco,* 707 F. App'x at 534; *see also Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff solely responsible for not updating address and responding to show-cause order); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d

8

1262, 1265 (10th Cir. 1999) (stating plaintiff at fault for inability to receive court filings based on failure to notify court of correct address). Most of all, the Court generously afforded Plaintiff the luxury of appointed counsel to help him respond to Defendants' summary-judgment motion. Still, though with regular change-of-address notices Plaintiff had previously evinced a clear understanding that he should keep the Court apprised of his whereabouts, Plaintiff has now disappeared and left appointed counsel hanging.

This factor weighs heavily in favor of dismissal.

<u>Factor 4: Whether Court warned noncomplying litigant that dismissal was likely sanction</u>. In *Faircloth*, the court twice warned plaintiff that failure to comply could result in dismissal. *Faircloth*, 758 F. App'x, at 662. On appeal, when plaintiff argued he did not get these warnings, the Tenth Circuit stated, "But he could have received the warnings had he complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (affirming dismissal with prejudice for failure to appear especially after party was repeatedly warned of consequences).

Here, the Court said, on March 27, 2015 and September 27, 2016, that "Plaintiff must submit a response [to a summary-judgment motion] within 30 days of the motion's filing date." (Doc. Nos. 15, at 4; 110, at 8.) On March 10, 2017, the Court said, "[W]ithin ten days Plaintiff must show cause why his case should not be dismissed for failure to prosecute and failure to file response." (Doc. No. 125.) On November 4, 2019, the Court said, "If Williams fails to file a Notice of Substitution of Counsel or Notice of Appearance [within twenty-one days after the

9

entry of this order], he may be subject to sanction . . ., including dismissal . . . ." (Doc. No. 175.) There can be no mistaking the Court's intentions.

Factor 5: Efficacy of lesser sanctions. Also in *Faircloth*, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 758 F. App'x, at 662. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

And in *Villeco*, dismissal was approved when, "given Villecco's failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. The Tenth Circuit said that "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Id*. at 535; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In yet another case, the Tenth Circuit stated that though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

*United States ex rel. Jimenez v. Health Net, Inc*., 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a *pro se* party (as Plaintiff is once again now that counsel has withdrawn), "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished) ("'The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status.'") (Citation omitted.)). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Again, dismissal is a drastic sanction, but the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).

Applying these principles, the Court concludes that no sanction less than dismissal would work here. First, though Plaintiff is now again *pro se*, he is not excused from neglect. *See Green,* 969 F.2d at 917. Second, Plaintiff has neglected this case so thoroughly that the Court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). This is because the Court has received no response despite appointing *pro bono* counsel, then granting counsel's withdrawal.

"It is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result." *Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *12-13.

## CONCLUSION

Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and Plaintiff's disappointing lack of responsiveness here, the Court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the complaint is DISMISSED without prejudice.

DATED this 26th day of November, 2019.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court